An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY A. MEHOVES,
Appellant,
vs.
BARBARA L. MEHOVES N/K/A
BARBARA L. DUFF,
Respondent.

No. 59655

FILED

OCT 1 7 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from two district court post-divorce decree orders concerning child support and community property distribution. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

The parties were married for almost 14 years and had four children together. While appellant was not required to pay child support under the divorce decree, he was required to pay one half of the children's medical expenses. Respondent was ordered to pay appellant spousal support in the amount of $250 per month. Appellant agreed to allow respondent to deduct his share of the children's medical expenses from her monthly spousal support obligation. As a result of the children's prescriptions and one of the children's oral surgery and orthodontics, respondent did not pay appellant the full $250 for seven months, including one month where the children's out-of-pocket medical expenses exceeded the $250 spousal support obligation, requiring appellant to reimburse respondent. Appellant filed a motion in the district court challenging respondent's request for reimbursement and requesting payment of the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31279

amount respondent had deducted from her spousal support obligation for one child's oral surgery and orthodontics over the preceding months, arguing that such expenses were not medically necessary. On July 20, 2011, the district court entered an order denying the motion. Appellant appeals from that order.

On appeal, appellant argues that the district court abused its discretion in concluding that the expenses associated with the oral surgery and orthodontics were medically necessary and that he should not be responsible for those expenses because respondent took the children to out-of-service care providers. The appellate record does not support appellant's argument that the medical procedures at issue here were unnecessary, and thus, we conclude that the district court did not abuse its discretion in rejecting this assertion and concluding that appellant was responsible for those medical expenses. *See Edgington v. Edgington*, 119 Nev. 577, 588, 80 P.3d 1282, 1290 (2003) (explaining that this court reviews a district court's child support award for an abuse of discretion); *see also* NRS 125B.020(1) (requiring a parent to provide his or her child with necessary health care); NRS 125B.080(7) (providing that parents generally equally share the expenses for a child's healthcare, including "medical, surgical, dental, orthodontic and optical expenses"). As for appellant's argument pertaining to respondent allegedly taking the children to out-of-service healthcare providers, this argument is being raised for the first time on appeal, and thus, the argument has been waived and we will not consider it in resolving this appeal. *See State Bd. of Equalizaiton v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) (providing that "this court generally will not consider arguments that a party raises for the first time on appeal"). Accordingly, we affirm the

district court's July 20, 2011, order requiring appellant to pay one half of the children's medical expenses.

Appellant also challenges the district court's October 4, 2011, order that denied his motion for an immediate release of his share of respondent's retirement benefits acquired during the marriage. Respondent worked at her current job throughout the marriage and acquired retirement benefits. After the divorce decree was entered, a qualified domestic relations order was entered, which provided that appellant would receive his share of respondent's retirement benefits acquired throughout the marriage upon respondent's retirement. Appellant moved the district court for the immediate delivery of his share of those retirement benefits upon respondent's eligibility to retire, and the district court denied the motion.

Appellant argues on appeal that the district court abused its discretion in denying his motion because the court had previously informed him that he would receive his share of respondent's retirement benefits upon her eligibility for retirement, instead of upon her retirement. The previously entered qualified domestic relations order, however, provided that appellant would receive his share of the retirement benefits upon respondent's retirement, not upon her eligibility to retire. Thus, we conclude that the district court did not abuse its discretion in rejecting appellant's request for the immediate release of his share of those retirement benefits, *see Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (providing that this court reviews a division of community property for an abuse of discretion), and we affirm the district court's October 4, 2011, order denying appellant's request for his share of respondent's retirement benefits.

 

Lastly, appellant argues that the district court was biased in presiding over the underlying case, but he never properly sought disqualification of the district court judge by filing an affidavit specifying the basis for the disqualification. *See* NRS 1.235(1) (requiring a party seeking disqualification of a district court judge to file an affidavit detailing the facts demonstrating the disqualification is necessary). Thus, appellant has waived this issue on appeal. *See Brown v. Fed. Sav. & Loan Ins. Corp.*, 105 Nev. 409, 412, 777 P.2d 361, 363 (1989) (explaining that a party waives the issue of disqualification on appeal if that party does not properly request disqualification). For the reasons discussed above, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Michael P. Gibbons, District Judge
        Jeffrey A. Mehoves
        Barbara L. Mehoves
        Douglas County Clerk